DLD-012                                                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2200
_____

MICHAEL CARTER,
                                                        Appellant

v.

MEGAN HAYES, Probation Officer;

ADAMS COUNTY PROBATION DEPARTMENT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:23-cv-00312)
District Judge:  Honorable Yvette Kane
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 19, 2023
Before:  JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed November 6, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Michael Carter, proceeding *pro se* and *in forma pauperis*, appeals the order of the District Court dismissing his complaint. For the following reasons, we will summarily affirm the District Court's dismissal.

I

Carter filed a federal civil rights action as a convicted state prisoner against his former probation officer, Megan Hayes, and her employer, Adams County Probation Department, proceeding *pro se* and *in forma pauperis*. Broadly construed, the complaint alleges the following: on November 26, 2018, Carter appeared at a probation revocation hearing after failing a urinalysis test. When the presiding judge asked Hayes if Carter had received a drug and alcohol screening, Hayes falsely responded to the Judge that no such evaluation had taken place. Carter alleges that because of Hayes' false statement, the judge revoked his probation and returned him to prison instead of sending him to a rehabilitation facility. After he was released from prison, his drug addiction spiraled out of control, causing the vehicular homicide for which he is presently imprisoned and for which he blames Hayes. DC ECF 1. Carter seeks both damages and relief from his current sentence.

Pursuant to 28 U.S.C. § 1915A, Carter's complaint was screened by a magistrate judge, who recommended dismissal without leave to amend because both defendants were immune to suit, and because the complaint was barred by the statute of limitations. DC ECF 11. Carter filed objections in which he argued, inter alia, that because of the

2

continuing violation doctrine his complaint was not time-barred. DC ECF 21. The District Court adopted the Magistrate Judge's Report and Recommendation and dismissed the complaint without leave to amend. DC ECF 22. On appeal, Carter contends that the District Court erred when it dismissed his complaint without leave to amend. CA ECF 1.

II

We have jurisdiction pursuant to 28 U.S.C. § 1291. In considering a dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, we apply the same de novo standard of review as when reviewing dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir.2000).

We agree with the District Court that both defendants are protected by immunity. Probation Officer Hayes is protected by absolute witness immunity, as she was offering testimony in the context of a judicial proceeding. McArdle v. Tronetti, 961 F.2d 1083, 1085 (3d Cir. 1992); see also Briscoe v. LaHue, 460 U.S. 325, 345 (1983). Adams County Probation Department, meanwhile, enjoys complete sovereign immunity as an arm of the state. Haybarger v. Lawrence Cty. Adult Probation & Parole, 551 F.3d 193, 198 (3d Cir. 2008).

Even were that not the case, Carter's complaint is time barred. The statute of limitations for Carter's claim under 42 U.S.C. § 1983 is two years. Bougher v. University of Pittsburgh, 882 F.2d 74, 77-78 (3d. Cir. 1989). Carter filed his initial complaint in

3

February 2023, more than four years after Probation Officer Hayes's testimony. DC ECF 1.

Carter argues that, under the continuing violation doctrine, the statute of limitations has not even begun to run because his incarceration is a continuing violation that has yet to end. He is mistaken: a continuing violation "is occasioned by continual unlawful acts, not continual ill effects from an original violation." Montanez v. Secretary Pennsylvania Dept. of Corrections, 773 F.3d 472, 480-81 (3d Cir. 2014) (cleaned up).

In light of the flaws in Carter's complaint, we agree with the District Court that allowing Carter leave to file an amended complaint would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002).[1]

III

For the foregoing reasons, the appeal does not present a substantial question, so we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[1] To the extent that Carter is challenging his present incarceration, § 1983 is the wrong vehicle. In this case, the only means of relief in federal court would be a habeas corpus petition under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).